IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-662

 No. COA21-133

 Filed 7 December 2021

Wake County, No. 18-CVS-5916,

MARY COOPER FALLS WING, Plaintiff,

 v.

GOLDMAN SACHS TRUST COMPANY, N.A., et al., Defendants.

Wake County, No. 17-CVS-3947,

RALPH L. FALLS III, et al., Plaintiffs,

 v.

LOUISE FALLS CONE, et al., Defendants.

Wake County, No. 17-CVS-3283,

RALPH L. FALLS III, et al., Plaintiffs,

 v.

JOHN T. BODE, Defendant.

Wake County, No. 15-E-1997

IN RE: ESTATE OF RALPH L. FALLS, JR., Deceased

Wake County, No. 18-CVS-5830
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 RALPH L. FALLS, III, et al., Plaintiff,

 v.

 GOLDMAN SACHS TRUST COMPANY, N.A., et al., Defendants.

 Appeal by plaintiff Mary Cooper Falls Wing from order entered 26 October

 2020 by Judge Edwin G. Wilson, Jr. in Wake County Superior Court. Heard in the

 Court of Appeals 3 November 2021.

 Womble Bond Dickinson (US) LLP, by Johnny M. Loper, Elizabeth K. Arias
 and Jesse A. Schaefer, for plaintiff-appellant Mary Cooper Falls Wing.

 Mullins Duncan Harrell & Russell PLLC, by Alan W. Duncan, Allison Mullins,
 and Hillary M. Kies, for defendant-appellee Dianne C. Sellers.

 Ellis & Winters LLP, by Leslie C. Packer, Alex J. Hagan, and Michelle A.
 Liguori, for defendant-appellees, Louise Falls Cone, Toby Cone, Gillian Falls
 Cone, and Katherine Lenox Cone.

 TYSON, Judge.

¶1 Mary Cooper Falls Wing (“Plaintiff”) appeals from a superior court order

 compelling her to produce all documents for review by Dianne Sellers and Louise

 Cone (together “Defendants”). We vacate and remand.

 I. Background

¶2 In the underlying litigation, Plaintiff seeks to invalidate certain testamentary

 instruments concerning her late father Ralph L. Falls, Jr. (“Decedent”). Plaintiff
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 alleges Decedent lacked legal and testamentary capacity and was suffering from

 undue influence in the years before his death. The challenged instruments purport

 to disinherit Plaintiff and her brother in favor of Defendants.

¶3 On 20 May 2019, the trial court entered an order requiring the Trustee

 (Goldman Sachs) to continue making distributions from the trust to Defendants for

 them to pay for their legal fees during the pendency of the litigation. This Court

 unanimously reversed that order on 20 October 2020. Wing v. Goldman Sachs Trust

 Co., 274 N.C. App. 144, 156, 851 S.E.2d 398, 400 (2020). Goldman Sachs filed

 petitions for discretionary review to the Supreme Court of North Carolina. Those

 petitions remain pending. This Court’s opinion and order has not been stayed.

¶4 Plaintiff and her husband, Mike Wing, divorced during the pendency of the

 events above. In November 2019, Defendants served Plaintiff with discovery

 requests. Plaintiff believed some of the information and documents Defendants

 requested remained in her former home in the possession of her ex-husband.

¶5 After unsuccessful attempts to recover her personal papers through counsel,

 Plaintiff sought a North Carolina subpoena to recover documents she believed to be

 necessary to respond to the discovery and for prosecution of the underlying cases.

 The North Carolina subpoena was submitted to a court in Maine. The court in Maine

 issued a subpoena pursuant to the Uniform Interstate Depositions and Discovery Act.
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 ME. R. CIV. P. 14 § 403 (2019). The Maine Court’s subpoena, with a copy of the North

 Carolina subpoena attached, was served upon Mike Wing, with notice to all parties.

¶6 Plaintiff’s counsel received multiple productions of Plaintiff’s personal papers

 from Mike Wing in May and June 2020 via electronic thumb drive. The papers

 produced and recovered included many documents not responsive to the subpoena

 nor any discovery requests in the case.

¶7 Plaintiff’s sworn affidavit states:

 The vast majority of the documents have nothing to do with
 this case. Almost the entire production consists of
 documents like recipes, personal notes between me and my
 then-husband, insurance policies, homework assignments,
 lesson plans, resumes, personal and draft correspondence
 unrelated to this litigation, tax returns, retirement
 planning documents, expense trackers, usernames/
 passwords, garbage collection schedules, images saved
 from websites, and similar documents that I have
 accumulated in my day-to-day life.

¶8 Also included with these documents were dozens of written communications

 between Plaintiff and her counsel in the underlying litigation, asserted work product

 materials prepared by counsel as part of the litigation, and documents that are

 responsive to Defendants’ discovery requests.

¶9 On 15 June 2020, two business days after receiving the final production of

 documents from Mike Wing, Plaintiff’s counsel informed counsel for all parties that

 Plaintiff had received a complete response to the subpoena. Plaintiff objected to
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 Defendants’ informal request for her to produce all of the personal papers she had

 recovered and received from Mike Wing, noting the request sought irrelevant and

 privileged material, and such materials and documents were not reasonably

 calculated to lead to the discovery of admissible evidence.

¶ 10 Subject to this objection, Plaintiff supplemented her prior discovery responses

 by producing all non-privileged personal papers on 26 June 2020 assertedly

 responsive to Defendants’ prior discovery requests. Plaintiff also provided a log of the

 personal papers withheld on the basis of privilege. She noted that the personal and

 privileged papers received from Mike Wing pursuant to the subpoena that were

 neither relevant to the case nor responsive to any discovery request had not been

 produced.

¶ 11 Defendants filed a “Joint Motion to Compel Mary Cooper Falls Wing to Produce

 Documents Received Pursuant to Subpoena.” The motion was heard in August 2020.

 Defendants argued because Plaintiff had served a subpoena, she had prospectively

 waived all objections to every document Mike Wing had produced in response to the

 subpoena.

¶ 12 On 26 October 2020, the trial court entered an order (“Production Order”)

 compelling Plaintiff to produce all of the documents to the Defendants she had

 received pursuant to the subpoena, including documents claimed to be attorney-client
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 privileged and protected by the work product doctrine. Plaintiff filed a notice of

 appeal of the Production Order on 30 October 2020.

 II. Jurisdiction

¶ 13 This Court has jurisdiction pursuant to N.C. Gen. Stat. §§ 1-277(a) (2019).

 III. Interlocutory Appeal

¶ 14 A party may appeal from any interlocutory order that affects a substantial

 right. N.C. Gen. Stat §§ 1-277(a); 7A-27(b)(3)(a) (2019). “A substantial right is a right

 which will be lost or irremediably adversely affected if the order is not reviewable

 before the final judgment.” Jenkins v. Maintenance, Inc., 76 N.C. App. 110, 112, 332

 S.E.2d 90, 92 (1985) (citation omitted).

¶ 15 Plaintiff argues the Production Order affects her substantial rights and this

 Court has jurisdiction to hear this appeal. “[W]here a party asserts a statutory

 privilege which directly relates to the matter to be disclosed under an interlocutory

 discovery order, and the assertion of such privilege is not otherwise frivolous or

 insubstantial, the challenged order affects a substantial right.” Evans v. United

 Servs. Auto. Ass’n, 142 N.C. App. 18, 24, 541 S.E.2d 782, 786 (2001) (citation and

 internal quotation marks omitted). When a party “asserts the common law attorney-

 client privilege,” on appeal, this claim “affects a substantial right which would be lost

 if not reviewed before the entry of final judgment.” Id.

¶ 16 Plaintiff argues her right to maintain privileged and confidential
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 communications with her attorney will be infringed if she is forced to produce the

 documents. We agree this is a substantial right and allow this interlocutory appeal.

 IV. Issue

¶ 17 The issue is whether Rule 45 of the Rules of Civil Procedure permits an adverse

 party to request production of documents a party received by subpoena even if those

 documents would have been protected by attorney-client privilege, work product, or

 are non-responsive to discovery requests when the requesting party appropriately

 objected. N.C. Gen. Stat. § 1A-1, Rule 45 and Rule 26 (2019).

 V. Standard of Review

¶ 18 “Discovery orders compelling production and applying the attorney-client

 privilege and work-product immunity are subject to an abuse of discretion analysis.”

 Crosmun v. Trs. of Fayetteville Tech. Cmty. Coll., 266 N.C. App. 424, 435, 832 S.E.2d

 223, 233 (2019) (citation omitted).

¶ 19 “[T]he determination of privilege is a question of law. Questions of law are

 reviewed de novo.” State v. Matsoake, 243 N.C. App. 651, 656, 777 S.E.2d 810, 813

 (2015) (alterations, citations and internal quotation marks omitted).

 VI. Argument

¶ 20 Defendants argue because Plaintiff subpoenaed documents from her ex-

 husband, Rule 45 of the Rules of Civil Procedure automatically entitles them to

 review all documents produced upon their request. Rule 45 provides in relevant part:
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 A party or attorney responsible for the issuance and service
 of a subpoena shall, within five business days after the
 receipt of material produced in compliance with the
 subpoena, serve all other parties with notice of receipt of
 the material produced in compliance with the subpoena
 and, upon request, shall provide all other parties a
 reasonable opportunity to copy and inspect such material at
 the expense of the inspecting party.

 N.C. Gen. Stat. § 1A-1, Rule 45(d1) (2019) (emphasis supplied).

¶ 21 “In resolving issues of statutory construction, we look first to the language of

 the statute itself.” Fid. Bank v. N. C. Dep’t of Revenue, 370 N.C. 10, 18, 803 S.E.2d

 142, 148 (2017) (citation omitted). “When the language of a statute is clear and

 without ambiguity, it is the duty of this Court to give effect to the plain meaning of

 the statute, and judicial construction of legislative intent is not required.” Diaz v. Div.

 of Soc. Servs., 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006); see Coastal Ready-Mix

 Concrete Co. v. Bd. of Comm’rs of Town of Nags Head, 299 N.C. 620, 629, 265 S.E.2d

 379, 385 (1980) (“The best indicia of that intent are the language of the statute or

 ordinance, the spirit of the act and what the act seeks to accomplish.”). Our Supreme

 Court has repeatedly held: “Statutes dealing with the same subject matter must be

 construed in pari materia and harmonized, if possible, to give effect to each.” Bd. of

 Adjustment of Town of Swansboro v. Town of Swansboro, 334 N.C. 421, 427, 432

 S.E.2d 310, 313 (1993).

¶ 22 Rule 26 of the North Carolina Rules of Civil Procedure has been in effect for
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 more than 50 years, and Rule 45 was modified within the last decade. “A presumption

 exists that the legislature was fully cognizant of prior and existing law within the

 subject matter of its enactment.” Biddix v. Henredon Furniture Indus., Inc., 76 N.C.

 App. 30, 34, 331 S.E.2d 717, 720 (1985) (citation omitted).

 When a party withholds information otherwise
 discoverable by claiming that the information is privileged
 or subject to protection as trial-preparation material, the
 party must (i) expressly make the claim and (ii) describe
 the nature of the documents, communications, or tangible
 things not produced or disclosed, and do so in a manner
 that, without revealing information itself privileged or
 protected, will enable other parties to assess the claim.

 N.C. Gen. Stat. § 1A-1, Rule 26(b)(5)(a) (2019).

¶ 23 It follows if the General Assembly intended to protect the subpoenaed party

 from being forced to produce privileged or non-responsive documents, those same

 protections would extend to a party who has received privileged or non-responsive

 documents as a result of the subpoena, at no fault of their own.

 Rule 45 is amended to conform the provisions for
 subpoenas to changes in other discovery rules, largely
 related to discovery of electronically stored information. In
 addition, in a number of places, words identifying parts of
 the rule have been changed to make this rule consistent
 with the language of other Rules of Civil Procedure, without
 an intention to change substance.

 N.C. Gen. Stat. § 1A-1, Rule 45, cmt. (2011 Amendment) (emphasis supplied).

¶ 24 This Court has dealt with the interplay of Rule 45 and Rule 26 many times
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 before. “[T]he trial court, in granting a motion to compel under Rule 45(c)(6), is

 required to protect the party producing documents from ‘significant expense.’” Kelley

 v. Agnoli, 205 N.C. App. 84, 96, 695 S.E.2d 137, 145 (2010). Kelley requires the trial

 court to bear the burden of ensuring Rule 26(b)(1a) is complied with, even if Rule 45

 does not explicitly require it. See N.C. Gen. Stat. § 1A-1, Rule 26(b)(1a) (“the discovery

 methods set forth in section (a) shall be limited by the court if it determines that: (i)

 the discovery sought is unreasonably cumulative or duplicative . . . less burdensome,

 or less expensive . . . (iii) the discovery is unduly burdensome or expensive[.]”)

 (emphasis supplied). The trial court’s authority to read Rule 45 and Rule 26 together

 is further highlighted in Hall v. Cumberland County Hospital System, Inc., 121 N.C.

 App. 425, 430, 466 S.E.2d 317, 320 (1996) (“The trial court shall quash, upon motion

 of the objecting party, any subpoena for the production of documents that seeks

 discovery of materials protected by Rule 26(b)”). With regard to electronically stored

 information, our courts have consistently held Rule 45 is expressly subject “the

 limitations of Rule 26(b)(1a).” N.C. Gen. Stat. § 1A-1, Rule 45(d)(4).

¶ 25 Defendants argue Plaintiff failed to object prior to required compliance and

 Plaintiff can no longer challenge the subpoena. Defendant mis-states the standard

 set forth in Kilgo v. Wal-Mart Stores, Inc, 138 N.C. App. 644, 649, 531 S.E.2d 883,

 888 (2000), which held a subpoena duces tecum “must be raised before the time of

 compliance.”
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

¶ 26 Here, Plaintiff sought to comply with the original and intended discovery

 requests and collected those documents from her ex-husband via subpoena after her

 documents and papers were not voluntarily produced. Mike Wing produced

 substantially more material and documents than the responsive documents had

 requested. Plaintiff’s counsel informed opposing counsel of the complete response to

 the subpoena within two days of completion as is required by Rule 45. Plaintiff

 expressly objected to Defendants’ request for both non-reasonable, irrelevant, and

 privileged documents and asserted privilege.

¶ 27 Plaintiff complied with the statutes by producing all non-privileged personal

 papers responsive to Defendants’ prior discovery requests. Plaintiff provided a log of

 the personal papers she had withheld from production on the basis of privilege, and

 asserted the personal papers received from Mike Wing pursuant to the subpoena were

 neither relevant to the case nor responsive to any discovery request. Plaintiff

 undertook and complied with the statutorily required steps to protect her privileged

 and non-responsive and irrelevant documents from disclosure.

 VII. N.C. Gen. Stat. § 1A-1, Rule 45(d1)

¶ 28 Both parties argue the General Assembly intended their desired result.

 Defendants argue Rule 45 allows them unbridled access to subpoenaed documents

 upon their request. Plaintiff contends the addition of subsection (d1) to Rule 45

 “expressly reaffirmed the federal process.” Federal Rule 45 has no counterpart to
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 subsection (d1) specifying the party issuing the subpoena must provide notice of

 receipt of subpoenaed materials and a reasonable opportunity to copy and inspect

 such materials. See Fed. R. Civ. P. 45.

¶ 29 A review of the Rule 45 history provides further guidance. Under the Federal

 Rules, upon which the North Carolina Rules were modeled, there is no provision for

 automatic discovery of all subpoenaed materials. A party is required to produce

 documents it has received pursuant to subpoena only if it receives a discovery demand

 for those documents from the other party. See Fed. R. Civ. P. 45 Advisory Comm. Note

 (1991) (recognizing notice of a subpoena is required in order to “afford other parties

 an opportunity to object to the production or inspection, or to serve a demand for

 additional documents or things” and to allow the other parties to “pursue access to

 any information that may or should be produced [pursuant to the subpoena]”)

 (emphasis supplied).

¶ 30 Before 2003, Rule 45 “did not permit the issuance of a subpoena separately

 from a trial, hearing, or deposition.” N.C. State Bar Ethics Op. 4 (2008). Prior to

 2003, all parties would be present when the third party produced the requested

 materials at the trial, hearing, or deposition and would have equal access to review

 and obtain copies of those materials. This equal access was jeopardized when the

 2003 amendments permitted a stand-alone subpoena duces tecum for the first time.

 See N.C. Gen. Stat. § 1A-1, Rule 45(a)(2). In 2007, subsection (d1) was added to Rule
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 45 as a remedy. It required the party issuing the subpoena to provide notice of receipt

 of subpoenaed materials and allow all other parties the opportunity to copy and

 inspect those materials.

¶ 31 In 2007, the General Assembly adopted the current text of Rule 45(d1), which

 requires: (1) the party serving the subpoena to provide notice of receipt; and, (2) any

 other parties desiring the documents to make a request to the receiving party. N.C.

 Gen. Stat. § 1A-1, Rule 45(d1). In codifying the notice-and-request procedure, the

 General Assembly expressly reaffirmed the federal process and left the questions

 about the propriety of interparty requests for documents to be governed by the

 existing discovery rules.

¶ 32 It is clear that the purpose of amending Rule 45(d1) in 2007 was to ensure the

 opposing party is given notice and the opportunity to request to see documents that

 comply with the subpoena and are responsive to discovery requests. See N.C. State

 Bar v. Barrett, 219 N.C. App. 481, 487, 724 S.E.2d 126, 130 (2012) (holding “a party

 [does not] waive[] her due process rights by failing to request documents which the

 opposing party has implied do not exist and will not be part of the case against her”).

¶ 33 Defendants’ interpretation would make a Rule 45(d1) demand inconsistent

 with the otherwise harmonious rules governing discovery. If the trial court’s hyper-

 technical reading of Rule 45(d1) is upheld, a Rule 45(d1) request would become the

 only discovery device not subject to assertions of privilege and limitations. A party
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 would never be able to use a subpoena to recover her own confidential and privileged

 documents, and a subpoena recipient would be free to harass the requesting party by

 producing sensitive, embarrassing, irrelevant and privileged documents that are not

 responsive to the discovery request.

¶ 34 Our General Assembly could not have reasonably intended that result by

 amending Rule 45, while also maintaining the longer standing limitations contained

 in Rule 26 and other statutory and common law privileges. See N.C. Gen. Stat. § 1A-

 1, Rule 45, cmt. (2011 Amendment). Rule 45 is meant to be limited by adequate

 compliance with Rule 26. Plaintiff fully complied with Rule 26(5)(a) and thus garners

 the protections inherent in Rule 26.

 VIII. Content of Subpoena

¶ 35 Defendants argue they would have been entitled to all of the subpoenaed

 information upon deposition of Mr. Wing.

 Parties may obtain discovery regarding any matter, not
 privileged, which is relevant to the subject matter involved
 in the pending action, whether it relates to the claim or
 defense of the party seeking discovery or to the claim or
 defense of any other party.

 N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2019) (emphasis supplied). This assertion is

 not supported by our statutes. See N.C. Gen. Stat. § 1A-1, Rule 30 (giving the court

 authority to limit a deposition to the confines of Rule 26(c) from “unreasonable

 annoyance, embarrassment, oppression, or undue burden or expense” based upon
 WING V. GOLDMAN SACHS TRUST CO.

 2021-NCCOA-662

 Opinion of the Court

 “certain matters not to be inquired into, or that the scope of the discovery be limited

 to certain matter”). Communications between Plaintiff and her attorney are

 privileged. The recipes, schedules, documents pertaining to home renovations are

 not relevant to the subject matter involved in the pending action, involving

 Decedent’s capacity and the rightful beneficiaries of his estate. See id.

 IX. Conclusion

¶ 36 This interlocutory appeal affects Plaintiff’s substantial right. Plaintiff’s

 substantial right to preserve privileged communication with her counsel and

 litigation work product is infringed upon by the trial court’s production order.

 Defendants’ contention that Rule 45 circumvents the long-established principles of

 attorney-client privilege and Rule 26 is without merit.

¶ 37 The conflict between Rule 45 and Rule 26 is a question of law reviewed de novo.

 Upon de novo review, we hold our General Assembly intended Rule 26 to limit

 Defendant’s access to Plaintiff’s subpoenaed privileged documents. We vacate the

 production order and remand for an order, to require Plaintiff to provide only non-

 privileged and relevant documents for Defendant’s review, which are responsive to

 Defendant’s discovery request. It is so ordered.

 VACATED AND REMANDED.

 Judges ZACHARY and ARROWOOD concur.